Alfonso de Cumpiano, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
El Sr. José M. Ocasio Nieves presenta recurso de apelación en el cual solicita que dejemos sin efecto la sentencia del Tribunal de Primera Instancia que le impuso una multa de quinientos dólares *745 ($500.00) por violación a la sección 5-201 de la Ley de Vehículos y Tránsito, Ley Núm. 141 de 20 de julio de 1960, según enmendada, 9 L.P.R.A. see. 871. Plantea, en síntesis, que erró el tribunal en su apreciación de la prueba y en su aplicación del estándar de duda razonable.
Examinadas las posiciones de las partes, la exposición narrativa de la prueba según estipulada, la prueba documental que obra en los autos originales y el derecho aplicable, concluimos que tiene razón el apelante y que procede revocar la sentencia apelada.
Al señor Ocasio Nieves se le imputó violación a la sección 5-201, supra, por alegadamente conducir un vehículo negligentemente lo que ocasionó que impactara con la parte lateral derecha de su vehículo la parte frontal del vehículo conducido por la Sra. Liza E. Acosta. Esta y otra pasajera resultaron heridas. En la vista del caso testificaron por el ministerio público la Sra. Liza E. Acosta y el agente Juan José Burgos y por la defensa, la Sra. Jessica López y el señor Ocasio Nieves. Como prueba documental se admitieron por estipulación once (11) fotografías y el informe policial. A base de la prueba, el tribunal halló culpable al imputado y le impuso multa. Nos corresponde determinar si la prueba sostiene su dictamen.
II
En la consideración de la prueba aquilatada por el tribunal, es menester examinar las normas legales y jurisprudenciales aplicables al delito en cuestión, al principio de duda razonable y a la función revisora de este Tribunal.
La sección 5-201 penaliza la conducción de un vehículo con voluntario o malicioso desprecio por la seguridad de las personas o la propiedad. Para establecer ese delito, es necesario probar que el acusado conducía un vehículo de motor en forma atolondrada o que mediante el manejo negligente se le ocasionó daño a alguna persona. Pueblo v. González Rivera, 102 D.P.R. 589, 590 (1974). La determinación de si hubo o no negligencia criminal, en cuanto al extremo de velocidad a que se conduce un vehículo de motor, se determina a base de las reglas básicas y límites establecidos en la Ley de Vehículos y Tránsito. Cuando ocurre un choque, la velocidad a la que iba el vehículo puede deducirse de la fuerza del impacto, la que por sí sola o en unión a otra prueba puede llevar o no a la conclusión de que el vehículo era conducido negligentemente. Pueblo v. Ortiz Morales, 86 D.P.R. 456, 468 (1962).
La prueba que se aquilate por el juzgador de los hechos ha de estar enmarcada en el derecho constitucional que tiene todo acusado a la presunción de inocencia y a que el Estado demuestre su culpabilidad más allá de duda razonable, dispuestos en el Artículo II, sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico y los que quedan también estatuidos en la Regla 110 de Procedimiento Criminal, 34 L.P.R.A. Ap II.
En cuanto a la evaluación de la prueba por este Tribunal, es claro principio que las determinaciones del tribunal apelado no deben ser descartadas por el tribunal apelativo a menos que éstas carezcan de base suficiente en la prueba presentada, demuestren pasión, prejuicio o parcialidad. Es el tribunal de instancia el que está en mejor posición de aquilatar la prueba, por haber tenido la oportunidad de observar a los testigos, considerar su testimonio y el resto de la prueba a la luz de las alegaciones. Pueblo v. Meliá, _ D.P.R. _ (1997), 97 J.T.S. 110, pág. 1356. A éste corresponde adjudicar credibilidad en los testimonios y dirimir los conflictos que surjan de la prueba. Quiñones López v. Manzano Pozas, _ D.P.R. _ (1996), 96 J.T.S. 95, pág. 1305.
Aun cuando nuestra función revisora de la prueba testifical está delimitada por los factores antes enunciados, cuando de la evaluación de prueba documental se trate, estamos en igualdad de posición para evaluarla que los tribunales de instancia. Ramos Robles v. García Vicario, _ D.P.R. _ (1993), 93 J.T.S. 167, pág. 11397; Colegio de Ingenieros v. A.A.A, D.P.R. _ (1992), 92 J.T.S. 137, pág. 10026.
Al evaluar la prueba bajo esos criterios, el tribunal apelativo puede revocar sentencias que, aun cuando se sostengan con la prueba aportada, no establecen la culpabilidad del imputado más allá de duda razonable Pueblo v. Maisonave, 129 D.P.R. _ (1991), 91 J.T.S 67, pág. 8838. Así pues, debemos considerar no solamente que se haya presentado prueba sobre todos los elementos del delito, *746 sino que la evidencia presentada produzca certeza moral en una conciencia exenta de preocupación o en un ánimo no prevenido. Pueblo v. González Román, _ D.P R. _ (1995), 95 JTS 86, pág. 989.
III
Conforme las normas de derecho antes reseñadas, evaluemos la prueba en este caso.
Surge de la exposición narrativa de la prueba estipulada que la señora Acosta testificó que el día en que ocurrieron los hechos conducía su vehículo en dirección del Aeropuerto Isla Grande para cruzar la Avenida Fernández Juncos hacia la Avenida Baldorioty de Castro. Declaró que se detuvo ante una señal de Pare, que miró a ambos lados, observó una curva estrecha hacia su lado izquierdo, que como no venía carro de San Juan a Santurce, procedió a iniciar la marcha, que cuando iba entrando al primer carril, vio el vehículo del imputado cuando éste la impactó. Testificó además que éste conducía su vehículo a exceso de velocidad, que él se cambió hacia el segundo carril al ver su carro y que la impactó por todo el frente. Dijo que oyó chillido de gomas del vehículo del imputado. En el contrainterrogatorio, señaló que no podía decir exactamente la velocidad, que no vio el auto del imputado de frente, que recibió el impacto por el lado izquierdo, esquina frontal del vehículo, pero que toda la parte frontal del mismo está chocada. Demostró con carritos como el auto del acusado rozó el lado derecho del de ella por el frente.
El testimonio del agente Juan José Burgos fue a los efectos que cuando llegó al lugar de los hechos pudo observar en el pavimento marcas de un frenazo y "debris", que tuvo la oportunidad de medir las marcas y que éstas medían entre 10 a 25 pies. Las marcas iban del carril primero al segundo; que las dos llantas de la parte del frente del vehículo del imputado estaban explotadas.
El imputado testificó que iba manejando su vehículo (una guagua) por la avenida principal, que ésta tiene dos carriles y que él transcurría por el carril izquierdo. Señaló que cuando vio el vehículo de la peijudicada saliendo, trató de frenar y la guagua que guiaba se barrió. Testificó que la señora Acosta fue quien impactó su vehículo en la rueda derecha de su auto, que el guardalodo del frente de su vehículo está hundido y que su vehículo de frente no se ve chocado. Además, manifestó que la segunda llanta recibió impacto cuando chocó contra la isleta.
La Sra. Jessica López, pasajera de la guagua que manejaba el imputado, testificó que la perjudicada los impactó y le dio a la derecha de la guagua.
La prueba documental examinada sustenta el que la perjudicada tenía un Pare en su carril y que por donde transitaba el imputado, es la vía que tenía el derecho de paso. Exhibits núms. 1, 3 y 4 de la defensa. Por otro lado, no sostiene la contención de la perjudicada de que observó una curva estrecha, puesto que el exhibit núm. 3 presentado por la defensa demostró que la curva es amplia. El vehículo que se detenga ante la señal de Pare debe poder observar sin dificultad cualquier vehículo que venga en esa dirección.
La alegación del señor Ocasio Nieves de que su vehículo fue impactado por el lado derecho, que el impacto del vehículo de la señora Acosta fue de frente y no de lado, y que su vehículo fue impactado en la goma, encuentran base en los exhibits núms. 6 y 7 de la defensa y en los núms. 1 y 3 del ministerio público. El exhibit núm. 7, presentado por la defensa, específicamente muestra el vehículo del imputado con daño en la goma derecha. Los exhibits núms. 5 y 6, presentados por la defensa, claramente demuestran que el vehículo del imputado no recibió daño en la parte delantera. Esta prueba documental sostiene la alegación del señor Ocasio Nieves que su vehículo fue impactado, testimonio que fue corroborado por la Sra. Jessica López.
Aparte de que la prueba documental tiende a sostener lo planteado por el apelante, los testimonios de los testigos del ministerio fiscal presentan dudas en cuanto a su certeza. La señora Acosta no pudo precisar cuándo fue que vio por primera vez el vehículo que conducía el imputado. Señaló que de momento vio el vehículo del señor Ocasio Nieves que venía a exceso de velocidad y más adelante expresó que lo que vio fue la goma del vehículo del imputado. En cuanto al testimonio del agente Burgos sobre las medidas de las marcas de las llantas en el pavimento, éstas exceden por más del doble la una de la otra, es decir la medida de 25 pies es una vez y media mayor que la medida de 10 pies. La importancia en la determinación de esta medida es su relación con la apreciación de si el *747 imputado iba o no a exceso de velocidad. Esa prueba no establece con certeza que las gomas explotaron como consecuencia de que el imputado iba conduciendo su vehículo a exceso de velocidad y frenó abruptamente. El imputado señaló que su vehículo dio contra la isleta, lo que hace factible que la goma derecha explotara por el impacto del vehículo de la señora Acosta y luego la otra por el impacto con la isleta. Las medidas sobre las marcas de las llantas testificadas por el agente no hacen más probable una teoría que la otra. Del testimonio de la señora Acosta no podemos concluir que el señor Ocasio Díaz manejara negligentemente, a exceso de velocidad, así como tampoco podemos concluirlo a base del impacto que presentan los vehículos.
En conclusión, analizada la prueba documental y testifical, este Tribunal concluye que tiene razón el apelante, y que no se demostró su culpabilidad más allá de duda razonable.
IV
Por los fundamentos anteriormente expuestos se revoca la sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General